# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,)

Plaintiff,)

v.                                                                                    Case No.2:19-mc-50568
                                                                                    Judge David M. Lawson

CHERYL ROGERS (dba CTC Tax Services)
Defendant)
_____)

**MOTION OF CHERYL ROGERS OF CTC TAX SERVICES PURSUANT TO FED. R. CR. PROC. 41(g) FOR RETURN OF SEIZED PROPERTY**

NOW COMES CHERYL ROGERS, by and through her attorney, and for her Motion For Return of Property, states as follows:

This is a motion for return of property seized by the United States on April 16, 2019, and not returned, despite the request of Defendant. This motion is based on the Court's equitable jurisdiction, Rule 41(g) of the Federal Rules of Criminal Procedure, all other relevant statutes and administrative rules and regulations, the attached Brief and Authorities, the Declaration of Cheryl Rogers (attached) and the attached Exhibits cited herein, and upon any other oral or documentary evidence which may be adduced at the hearing on this motion.

**WHEREFORE**, the Defendant Cheryl Rogers respectfully moves this Court for an order directing the United States Government and/or the Internal Revenue Services to immediately release of all the items seized at her offices on April 16, 2019. Alternatively, Defendant Cheryl Rogers moves this Court to issue an Order directing the United States Government and/or the

Internal Revenue Services to immediately release copies of the items seized from CTC's offices on April 16, 2019.

Defendant, Cheryl Rogers, FURTHER, moves for any other relief as this Court may deem just and proper in this case

Dated: July 9, 2019

Respectfully submitted

/s/ *Adelayo Fawole*　　　
Venar Ayar (P72433)
Adelayo Fawole (5616990)
Ayar Law Group
30095 Northwestern Highway, Suite 102
Farmington Hills, MI 48334
Phone: (248) 262-3400 Fax: (248) 436-8117
venar@ayarlawgroup.com
COUNSEL FOR DEFENDANT

# BRIEF IN SUPPORT OF MOTION

## TABLE OF CONTENTS

I. INTRODUCTION……………………………………………………… 5

II. STATEMENT OF FACTS......................................................................... 5

    a. Defendant's business ……………………………………………. 5

    b. The search and seizure ………………………………………… 5-6

    c. Defendant needs the seized items back …………………………. 7

    d. The IRS has held the seized items for unreasonable amount of time …… 7-8

III. LEGAL ARGUMENTS...................................................................................... 8

    a. The District Court may grant Defendant's Motion to retrieve the Seized Items ………………..…................................................................................. 8-10

    b. Returning the seized items to Defendant would not affect the Government's Interest and continuing to hold the items have become unreasonable ………………………………………………………………. 10-12

    c. The IRS cannot hold the seized items indefinitely …………………. 12-14

    d. Defendant's Motion is timely……………………………………. 14-15

IV. CONCLUSION AND RELIEF ………………………………………… 15

# TABLE OF AUTHORITIES

**Federal Cases**

Application of Mayo, 810 F. Supp. 121, 125 (D. Vt. 1992)

Hunsucker v. Phinney, 497 F.2d 29, 32 (5th Cir. 1974)

Lavin v. United States, 299 F.3d 123

Mora v. United States, 955 F.2d 156, 158 (2d Cir. 1992)

Mr. Lucky Messenger Services Inc. v. United States 587 F2.d 15 (7th Cir. 1978)

Sovereign News Co. United States, 690 F.2d 569

United States v. Bolze (2011 WL 7052800)

United States v. Duncan 918 F.2d 647

United States v. Kramer, No. 1:06-cr-200, 2006 WL 3545026

United States v. Rapp 539 F.2d 1156, 1160-61 (8th Cir. 1976)

United States v. Samp, (Case No. 16-cr-20263)

United States v. Sims, 376 F.3d 705, 708 (7th Cir. 2004)

White Fabricating Company v. United States, 903 F.2d 404

**Federal Statutes**

18 U.S.C. § 983(a)(l)

18 U.S.C. § 983(a)(3)(B)(ii)

**Federal Rules**

Federal Rules of Criminal Procedure 41(g). ................................................................

Fed. R. Crim. P. 41(g) advisory committee notes to 1989 amendments

# CHERYL ROGERS' BRIEF IN SUPPORT OF MOTION FOR RETURN OF SEIZED PROPERTY

## I.      INTRODUCTION

Pursuant to Federal Rule of Criminal Procedure 4l(g) and 18 U.S.C. § 983(a)(3)(B), Defendant, Cheryl Rogers, dba CTC Tax Services and/or CC Tax Services (hereinafter referred to as "CTC") submits the following brief in support of her motion for the return of all the items seized from CTC's office on April 16, 2019.

## II.     STATEMENT OF FACTS

### a. Defendant's business

Defendant, Cheryl Rogers is a Tax preparer and consultant, doing business as CTC. Ms. Rogers engages in the lawful business of preparing tax filings for its clients based on the information provided by the clients. Cheryl Roger is the owner and principal at CTC, and the company is Ms. Roger's sole business and source of livelihood.

### b. The Search and Seizure

On April 16, 2019, the Internal Revenue Service (IRS) agents entered CTC's office located at 4635 E. Seven Mile Rd. Detroit MI 48234 with a Search and Seizure Warrant, dated April 15, 2019. The IRS agents searched the premises of CTC and seized the entire contents of the premises (the seized items).

The items seized from CTC's office on April 16, 2019 included:

   i. Client info sheet, sign in sheet, and While You Were Waiting notebook
  ii. CTC Tax Service labels and label checklist for folders
 iii. Lenovo All-in-One desktop computer SN CS01083670

    iv. HP All-In-One desktop computer SN 3CR3380GBQ
    v. HP All-In-One desktop computer SN 8CC6420JPJ
    vi. Lecko thumb drive
    vii. Lenovo Notepad SN YD03J1QM
    viii. EKS thumb drive
    ix. Employee policy manual, CTC receipt book, insurance correspondence, ATT bills, City of Detroit bill, Office supply invoice/packing slips.
    x. Face-to-face interview doc/attached business celebration; IRS – where to file doc; and school district code list
    xi. Cheryl Rogers' personal tax returns 2015. Schedule 1040, Schedule A&C
    xii. Clients files B, C, D, E, J, L (customer's last names)
    xiii. Clients files A, B, C, some F (customer's last names)
    xiv. Copies of returns, work papers, client information, client files 2015>
    xv. Copies of returns, work papers, client information, client files 2015
    xvi. Client files (assorted years 2015-2018)
    xvii. Spiral notebook – notes, business licensing, W-2s personal, and personal bank info
    xviii. Ref check log 2015, SSN listing 2015, state/federal report 2015, and acct disbursements 2015
    xix. Refund check pick-up log 2017 and loose customer tax docs email 2016
    xx. Loose 2015 Fed 1040s and loose receipts 2015
    xxi. Client files
    xxii. Client files M, N, P, R
    xxiii. Client files/copies of returns
    xxiv. Clients files ending with T&S
    xxv. TPG records, cancelled checks, tax returns, check log, SSN log, client check-in log, client W2, and ERO application.
    xxvi. Loose – mo receipts/off ck, IRS correspondence lose W-2 – Rogers, stickie note, and calendar April and May 2019
    xxvii. Tax car giveaway flier w new client submissions
    xxviii. TPG check logs, check logs, Civista checks, and Civista check packaging
    xxix. Sticky notes and CTC Tax Services business cards
    xxx. Loose IRS correspondences, check log, schedule C business codes, 2016 SSN listing, housing application, 2015 refund check, and tax bill.

    **(Exhibit A – Inventory of the seized items).**

The items seized from CTC's office (listed in Exhibit A above) are mostly clients documents, which Ms. Rogers is required to return to her clients as well as items necessary for Ms. Rogers to carry on her lawful business. The items that are not documents, among the seized items, are computers and related devices.

**c. Defendant needs the seized items back and returning the items would not affect any of the IRS' purported continued interest**

Unavailability of the items has prevented Cheryl from being able to earn her living through CTC, and this continues to make her daily living difficult. Further, Ms. Rogers' attorneys require original copies or other copies of the seized items to conduct their internal review and preparation of legal advice.

Returning the original copies or other copies of the seized items to Ms. Rogers would not, in any way, adversely affect whatever interest the IRS might have in the seized items. This is due to the fact that the seized items are mostly documents, and the government would not be adversely affected if they return originals or copies of the seized items. Also, the items that are not documents, are computers and other devices with contents that could be easily copied by the IRS without having to retain the original devices.

**d. The IRS has held the seized items for unreasonable amount of time**

In the more than sixty (60) days that the subject items have been seized by the IRS, neither CTC nor Cheryl Rogers nor anyone associated with the either of them has been charged with an offense. Also, there is no forfeiture proceedings pending regarding the seized items. However, On June 25, 2019, Ms. Rogers' attorneys made good faith efforts to request a return of the seized items, but the government has failed to respond of return the items to Ms. Rogers. **(Exhibit B – correspondences sent to IRS' Agent Riedel to demand the seized items).**

Thus, the present motion is needed for Ms. Rogers to be able to conduct her lawful business and return documents belong to clients to their rightful owners. Also, return of the seized items is

necessary for Ms. Rogers' Attorneys to be able to review the items and provide adequate legal advice to her.

The present motion is crucial and not pre-mature in view of the facts and circumstances of the case. Especially considering the amount of difficulties that seizure of the items has caused and continue to cause Ms. Rogers.

### III. LEGAL ARGUMENTS

a. **Regardless of whether the files were seized by the Government lawfully or unlawfully, the District Court may grant Ms. Rogers' Rule 41(g) Motion to retrieve the seized files**

Assuming but not conceding that the government seized the subject seized items legally, a Rule 41(g) [formerly R. 41(e)] Motion to retrieve the seized files would still avail Ms. Rogers and provide support for the retrieval.

Fed Rules Crim Proc R 41(g) provides:

> "A person aggrieved by an unlawful search and seizure of property *or by the deprivation of property may move for the property's return.* The motion must be filed in the district where the property was seized... If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." (Emphasis ours).

From the clear language of Rule 41 (g) above, cases where the court could order a return of seized items are not limited only to where the items are seized unlawfully. The court could also

8

order a release of seized items/property, in cases where a party, as in Ms. Rogers' case, moves for the release of property of which it is deprived of the property. At this point, while Ms. Rogers is neither admitting nor conceding that the search and seizure conducted by the IRS on April 16, 2019 was lawful, it is Ms. Rogers' argument that, either way, she is entitled to a retrieval of the seized items.

In *United States v. Bolze,* (2011 WL 7052800) and (2011 U.S. Dist. LEXIS 151731), the United States District Court for the Eastern District of Tennessee, while discussing Rule 41(g) of the Federal Rules of Criminal Procedure, held that "…The plain language of the rule reveals that parties may seek the return of property even when it has been lawfully seized..."

Generally, a person's right to seek return of seized documents comes with its complexities. However, each case is decided based on its facts, items involved, and competing interest of parties. Citing *United States v. Duncan* 918 F.2d 647, 654 (6th Cir. 1990), the United States District Court for the Eastern District of Michigan, in *United States v. Samp*, (Case 17-mc-50633 (E.D. Mich. July 12, 2017) or (2017 U.S. Dist. LEXIS 107610), when granting Defendant's Motion for return of the seized property, held that, "…Pursuant to Federal Rule of Criminal Procedure 41(g), "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. However, a defendant's right to the return of lawfully seized property is subject to any continuing interest the government has in the property." That continuing interest can take the form of "a criminal or tax investigation in process.". See also, *Sovereign News Co. United States*, 690 F.2d 569, 577 (6th Cir. 1982).

In view of the nature of the items seized in the present case, retuning the seized items to Ms. Rogers would not affect whatever interest the government might want to claim that it has in

9

the items. Ms. Rogers is not, at this time, asking the IRS to stop whatever investigations it might be doing. She is only asking that original documents and devices or copies of them be returned to her.

The IRS seized the items, which include paperwork and 2-3 computers, since more than 2 months (and still counting). Without doubt, this the IRS could reasonably have obtained whatever information they needed from the items or make copies where applicable.

The only effect that continued retentions of the items continues to have are the grave difficulties that Ms. Rogers expressed (in her declaration) that she had been experiencing since the seizure of the items. Clearly, the paperwork could be copied and files on the computers seized, could be downloaded and saved on other devices. Thus. any purported continued interest that the government might want to assert, in this case and at this time, is inequitable and unreasonable.

> b. **The Government's purported continued interests in the seized items can still be satisfied even if the seized items are returned to Ms. Rogers. The government's continued retention of the seized items has thus become unreasonable. The court can, thus, order a return of the seized items.**

In this case, in as much as Ms. Rogers is not admitting or contending the fact that the Government has continued interest in retaining the seized files, returning the originals or copies of the sized files would not in any ways affect the government's purported continued interest.

The court, in *United States v. Bolze* (2011 WL 7052800) and (2011 U.S. Dist. LEXIS 151731)*,* the United States District Court for the Eastern District of Tennessee cited Fed. R. Crim. P. 41(g) advisory committee notes to 1989 amendments thus:

10

"The Advisory Committee Notes to the rule provide guidance as to when such pretrial return of property lawfully in the government's possession would be appropriate:

'No standard is set forth in the rule to govern the determination of whether property should be returned to a person aggrieved either by an unlawful seizure or by deprivation of the property … reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property. If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable. ***But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable."*** (Emphasis ours).

The items seized in this case are mostly paperwork and some computer systems used in the conduct of Ms. Rogers' lawful business. The government's interest would not be adversely affected if it releases copies of the files and originals or copies of the seized items to Ms. Rogers. Further, as sworn in her declaration, Ms. Rogers needs the files to conduct her lawful business and for her Attorneys' review. Thus, it is not only that ordering that the files be released to Ms. Rogers would not adversely affect whatever continued interests the government might claim to have in the items, ordering a return of the items would have the effect of balancing the interests of all parties involved in this Motion. Continued retention of the seized items by the government has become unreasonable in the circumstance presented in this case.

By this Motion, Ms. Rogers is not seeking to stop or disrupt the Government's investigation or activities; neither would her retrieval of the files affect the government's purported interest in the files. Ms. Rogers is basically seeking a retrieval of (originals or copies) the seized items to allow her counsel to review the items and provide adequate legal advice. In addition, Ms. Rogers

11

requires that the items be returned as same are needed for her business which is her sole sources of income and livelihood. Thus, continued detention of the files is adversely affecting and disrupting Ms. Rogers' ability to conduct her lawful business/trade. Alternatively, Ms. Rogers seeks return of the seized items (mostly clients' tax filings) for the purpose of returning them to clients who actually own them and who might need them for their own other purposes.

Clearly, it would be impossible and unreasonably burdensome for Ms. Rogers to run her lawful business or for her attorneys to work with her if each of them would have to go to the IRS office each time work needs to be done on a file or any of the items seized. On the average, Ms., Rogers usually works on a range of 15 to 25 different clients a day.

Further, the seized properties are not houses or weapons or drugs, or some sort of crime scene materials that are unique and cannot be copied or downloaded by the IRS. They are boxes of documents and equipment used in the normal course of Ms. Rogers' business. Therefore, continued retention of the seized items, in this case, is unreasonable. And there is a need to balance the interest of parties in this case. More so, while the law allows the government to seize properties, it does not allow them to seize the propertied indefinitely and to the detriment or unreasonable deprivation of the owners.

c. **The seized items have to be returned to Defendant because the Government cannot just seize the items and retain them indefinitely with no pending forfeiture or criminal charge.**

It is noteworthy that to date, no criminal charge has been filed against CTC, Cheryl Rogers, and/or anyone associated with either of them. No forfeiture proceedings have been commenced against CTC or Ms. Rogers regarding the seized items. But, the law is clear that where no criminal

proceedings against the movant are pending or have transpired, and the property has been held for an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property, the property order to make is a return of the seized items.

The law sets forth a series of deadlines that apply to both civil and criminal forfeiture proceedings. Following a seizure, the government has 60 days to either send "written notice to interested parties" of a "nonjudicial civil forfeiture proceeding," commence "a civil judicial forfeiture action," or "obtain a criminal indictment containing an allegation that the property is subject to forfeiture." See 18 U.S.C. § 983(a)(l).

Congress was quite clear about the appropriate remedy if the government fails to comply with the statutory deadlines: " The Government *shall* promptly release the property." 18 U.S.C. § 983(a)(3)(B)(ii) (emphasis added). There then can be no question about the proper resolution of this case. The government has not complied with the deadlines established by Congress, and thus must be ordered to return the files to CTC.

In *United States v. Sims,* 376 F.3d 705, 708 (7th Cir. 2004), the court held that "Where no criminal proceedings against the movant are pending or have transpired, a motion for return of property is treated as a civil equitable proceeding….The proper office of a Rule 41(g) motion is, before any forfeiture proceedings have been initiated, or before any criminal charges have been filed, to seek the return of property ... held for an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property."

It is beyond argument that when the government seizes property but fails to commence a forfeiture proceeding in a timely way, a Rule 4l(g) motion is the appropriate means to seek the return of the property. *See Mora v. United States,* 955 F.2d 156, 158 (2d Cir. 1992). The availability

of this procedural mechanism (R 41(g) is not a cosmetic surplusage, but the law's way of ensuring that the government does not hold seized property indefinitely without commencing judicial proceedings.

In *United States v. Kramer,* No. 1:06-cr-200, 2006 WL 3545026, at *3-4 (E.D.N.Y. Dec. 8, 2006) the court granted a Rule 41(g) motion on the ground that the government did not comply with deadlines set by Section 983(a)(3)(B)). Also, in *Application of Mayo,* 810 F. Supp. 121, 125 (D. Vt. 1992) the court held that "In the absence of a properly commenced forfeiture proceeding, this Court now orders the return of the seized property." In this case, the government has held the seized items for well more than 60 days, a period which is clearly unreasonable amount of time, considering the nature of the items involved. The proper order to make is for the government to return the items to Ms. Rogers.

The IRS seized the items properties since April 16, 2019, a period of more than 60 days without commencing any criminal or civil proceedings against CTC or Ms. Rogers. Ms. Rogers, thus, has a civil equitable cause of action against the government to retrieve the items or alternatively, copies of the files and the computers.

d. **Defendant's Motion is timely and not premature and thus must be granted as matter of law, fact, and urgency.**

The government might want to argue that the present motion is premature as no criminal charges have been filed against CTC or Ms. Rogers yet. This argument would be flawed and cannot be sustained.

In *White Fabricating Company v. United States*, 903 F.2d 404 (6th Cir. 1990), the court held that a district court can entertain a Rule 41 motion, as in the present, to retrieve seized

14

property, even before the government files any criminal charges. Citing Hunsucker v. Phinney, 497 F.2d 29, 32 (5th Cir. 1974); *United States v. Rapp 539 F.2d 1156, 1160-61 (8th Cir. 1976); and Mr. Lucky Messenger Services Inc. v. United States 587 F2.d 15 (7th Cir. 1978)*, the Sixth Circuit held that **"…The language of the rule may be read implicitly to authorize such motions to be made in the district court before a criminal prosecution has begun…"**

## IV.     CONCLUSION

The Totality of the Circumstances, law, and facts, in this case, weigh in favor of the Court ordering the Government to return the seized items to Cheryl Rogers (dba CTC Tax Services).

**WHEREFORE**, the Defendant Cheryl Rogers respectfully moves this Court for an order directing the United States Government and/or the Internal Revenue Services to immediately release of all the items seized at CTC's offices on April 16, 2019. Alternatively, Defendant Cheryl Rogers moves this Court to issue an Order directing the United States Government and/or the Internal Revenue Services to immediately release copies of the items seized from CTC's offices on April 16, 2019.

Defendant, Cheryl Rogers, FURTHER, moves for any other relief as this Court may deem just and proper in this case

                                                                                    Respectfully submitted

                                                                                    /s/ _Adelayo Fawole_____
Venar Ayar (P72433)
Adelayo Fawole (5616990)
Ayar Law Group
30095 Northwestern Highway, Suite 102
Farmington Hills, MI 48334
Phone: (248) 262-3400 Fax: (248) 436-81
venar@ayarlawgroup.com

July 9, 2019                                                              COUNSEL FOR DEFENDANT

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Return of Seized Property was electronically filed with the Clerk of the Court and counsel for all parties, through the Court's CM/ECF filing system on July 9, 2019.

/s/ *Adelayo E. Fawole*

Adelayo Fawole
Junior Tax Attorney
Ayar Law Group
adelayo@ayarlaw.com